IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES CHESLEY PATE,              :
AIS 133364,
                                 :
    Petitioner,
                                 :
vs.                                          CA 08-0153-WS-C
                                 :
JERRY L. FERRELL,
                                 :
    Respondent.

## REPORT AND RECOMMENDATION

    James Chesley Pate, a state prisoner presently in the custody of the respondent, filed his complaint for habeas corpus relief pursuant to 28 U.S.C. § 2254 on March 17, 2008. (Doc. 1, at 13 (petitioner signed court-provided form on March 17, 2008)) After service of the complaint, respondent filed an answer on May 27, 2008 (Doc. 13), and therein contends that petitioner has not exhausted his state remedies (*see id.* at 3-5).

    This action has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), for entry of findings of fact and a recommendation as to the appropriate disposition of this case. After a complete review of all materials, it is determined that this action should be dismissed to allow petitioner the

opportunity to fully exhaust state remedies.

## FINDINGS OF FACT

1.  On June 20, 1989, Pate entered counseled guilty pleas to two counts of second-degree sodomy. (Doc. 1, at 2-3) That same date, he was sentenced to concurrent life sentences. (*Id*. at 2) Petitioner did not directly appeal his convictions or sentences. (*Id*. at 3)

2.  On several occasions, Pate has collaterally attacked his convictions and sentences. (Doc. 1, at 4-5) In 1990, petitioner filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama; this petition was dismissed due to Pate's failure to raise the grounds asserted therein on direct appeal. (*Id*. at 4) A second Rule 32 petition was filed in the Circuit Court of Mobile County, Alabama on August 3, 2006; this petition was dismissed on October 30, 2006. (*Id*. at 4-5) Pate appealed the dismissal of his second petition in the Alabama Court of Criminal Appeals on January 26, 2007 and is presently awaiting a decision on his appeal. (*See id*. at 5)

## CONCLUSIONS OF LAW

1.  A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c)

requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Thomas v. Crosby*, 371 F.3d 782, 813 (11th Cir. 2004) (Tjoflat, C.J., concurring specially) ("While a prisoner is not obligated to seek every conceivable extraordinary writ available in state court, he must at the very least afford the state 'a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . [by] invoking one complete round of the State's established appellate review process.'"), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005).

    2.    A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This

standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

   3. The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation

failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

   4. In this case, the face of the petition establishes that Pate has not exhausted the dismissal of his 2006 Rule 32 petition in Alabama's appellate courts. While petitioner contends that there has been an inordinate delay by the Alabama Court of Criminal Appeals in ruling upon his appeal (Doc. 1, at 7), this Court is unwilling to find that fourteen months represents an unreasonable delay particularly in light of Pate's failure to file a petition for writ of mandamus in the Alabama Supreme Court seeking an order from that court directing the Alabama Court of Criminal Appeals to rule on his appeal.

Ala.R.App.P. 21(a)(1) ("Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court."). This is a classic example of a case that should, in the first instance, be addressed by Alabama's state courts, given Pate's argument that his concurrent life sentences are illegal under Alabama law because of the absence of proof of applicability of Alabama's Habitual Felony Offender Statute. (*See* Doc. 1, at 7) It is the undersigned's opinion that petitioner should be required to exhaust his state remedies, and thereby give all of Alabama's state courts one full opportunity to resolve the issue of whether he has been properly sentenced in accordance with Alabama law, by invoking one complete round of the State's established appellate review process.

## **CONCLUSION**

The Magistrate Judge recommends that James Chesley Pate's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies.

The instructions which follow the undersigned's signature contain

6

important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 28th day of May, 2008.

                <u>s/WILLIAM E. CASSADY</u>
                **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)©); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                _s/WILLIAM E. CASSADY_____
                                                UNITED STATES MAGISTRATE JUDGE